UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-1473-B |
| GROWTH CAPITAL MANAGEMENT, LLC, ROBERT MIHAILOVICH SR., AND ROBERT MIHAILOVICH JR., | § § § § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Robert Mihailovich, Sr.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 9(b) and 12(b)(6) (doc. 22), filed October 15, 2010, and Defendants Robert Mihailovich, Jr. and Growth Capital Management, LLC's Consolidated Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 9(b) and 12(b)(6) (doc. 25), filed October 21, 2010. For the reasons fully set forth below, the Court finds that these Motions should be and hereby are **DENIED**.

### I.

### BACKGROUND

This action arises out of Defendants' purportedly fraudulent conduct in soliciting over $30 million from over 90 customers for purposes of trading on-exchange commodity futures and off-exchange foreign currency ("forex") on a managed or leveraged basis. (Pl.'s Compl. ¶ 1). In particular, the Government alleges that Defendant Mihailovich, Sr. repeatedly made false and misleading statements and failed to disclose material facts to these customers, including:

- 1 -

> (1) falsely claiming that Mihailovich, Sr. had expertise and a successful track record trading commodity futures and forex; (2) misrepresenting and failing to disclose fully the risk of loss in trading commodity futures and forex; (3) falsely claiming GCM and Mihailovich, Sr. never had a losing trade; (4) falsely claiming that only a certain percentage of a customer's account would be at risk at one time; (5) misrepresenting that the trading being performed by the electronic trading system would be transparent to customers at all times; (6) misrepresenting and failing to disclose Mihailovich, Sr.'s prior criminal conviction for mail fraud and his related prison time.

(*Id.*). The Government additionally alleges that Mihailovich, Sr. wrongfully served as both an unregistered "associated person" and "commodity trading advisor," that Defendant Mihailovich, Jr. made false statements and omissions in Growth Capital's required regulatory filings to the National Futures Association, and that Growth Capital is also liable for the Mihailovich's conduct. (*Id.* at ¶¶ 3-8).

In total, the Government brings six causes of action against Defendants. (*See id.* at ¶¶ 69-107). In Counts I, II, and III, the Government alleges that Mihailovich, Sr. Engaged in off-exchange forex solicitation, on-exchange futures solicitation, and general fraud while acting as an associated person and commodity trading advisor. (*Id.* at ¶¶ 69-89). In count 4, the Government contends that Mihailovich, Jr. knowingly filed a false commodity trading advisor application and failed to disclose that Mihailovich, Sr. was a principal of Growth Capital. (*Id.* at ¶¶ 90-97). In Counts V and VI, the Government alleges that Mihailovich, Sr. Acted as an unregistered associated person and also failed to register as a commodity trading advisor. (*Id.* at ¶¶ 98-107). The Government also generally brings each of these claims against Growth Capital as well. (*See generally id.* at ¶¶ 69-107).

Defendants move to dismiss all of the Government's claims under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, generally alleging that the Government has failed to plead its case with particularity as to its fraud claims in Counts I, II, and III and that it has failed to state

a claim upon which relief could be granted with respect to Counts IV, V, and VI. (*See generally* Def. Mihailovich, Sr.'s Mot. Dismiss [hereinafter "Sr.'s Mot. Dismiss"]; Defs. Mihailovich, Jr. & Growth Cap.'s Mot. Dismiss [hereinafter "Jr.'s Mot. Dismiss"]). The Government filed a consolidated Response to both Motions on November 12, 2010 (doc. 36). Defendant Mihailovich, Sr. filed a *pro se* Reply on behalf of all Defendants on December 7, 2010 (doc. 45). However, this filing was later stricken by the Court because Defendant Mihailovich, Sr. was represented by counsel at the time, and the Fifth Circuit does not allow for hybrid representation (doc. 49).[1] Defendants recently filed a second Reply in support of their Motion to Dismiss (doc. 62). While this filing is untimely, out of an abundance of caution and fairness, the Court considers this Reply in its disposition of Defendants' Motion to Dismiss.

## II.

## LEGAL STANDARD

A. *Rule 12(b)(6)*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them

---

[1]While that Order was later vacated after the Court allowed Defendants' counsel to withdraw (doc. 58), the Reply itself remains stricken because it was filed while Defendants were still represented by counsel.

in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a clam to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not wurvive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadilac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

Because Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint with all possible deference. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* plaintiff ordinarily should be given "every opportunity" to state a possible claim for relief. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998). Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend.

*Barowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).

### B. *Rule 9(b)*

A dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) provides, in pertinent part, that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The amount of particularity required for pleading fraud differs from case to case. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). In other words, the complaint must provide "the essentials of the first paragraph of any newspaper story." *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).

## III.

## ANALYSIS

### A. *Claims Against Mihailovich, Sr.*

Defendant Mihailovich, Sr. Alleges that the government has failed to adequately allege a single claim against him. First, he argues that dismissal is warranted because the Government has failed to satisfy the particularity standards of Rule 9(b) with respect to its fraud allegations in Counts

I, II, and III. (Sr.'s Mot. Dismiss 7). He argues that while the Government "generally avers a collective of alleged false statements or omissions," it fails to provide the "who, what, when, where, and how" necessary to make these claims viable. (*Id.* at 8). He further contends that the Government's Complaint fails to adequately identify the speaker of the proposed frauds, instead stating merely that "Defendants" did so. (*Id.* at 8-9). As to Count V, Mihailovich, Sr. maintains that the Government has failed to state a claim under Rule 12(b)(6) because the Complaint fails to allege that Mihailovich, Sr. was a "partner, officer, employee, or agent" of Growth Capital. (*Id.* at 4). He next contends that Count VI also fails to meet the standards of 12(b)(6) in that the Government has failed to allege that he derived any personal or individual profit from advising others, instead only alleging that Growth Capital alone so profitted. (*Id.* at 4-5). Mihailovich, Sr. alternatively argues that he was only performing legally allowed functions as a commodity trading software publisher, relying upon another court's holding that such activities are not actionable, *Taucher v. Born*, 53 F. Supp. 2d 464 (D.D.C. 1999). (*Id.* at 2). Finally, he also alternatively contends that the CFTC did not have jurisdiction over activities pertaining to the executing or trading of off-exchange forex transactions prior to October 18, 2010, when Congress passed the Dodd-Frank legislation, and thus cannot bring any claims against him for any failure to register before that date. (*Id.* at 3).

The Government responds by first to sections in its Complaint where it has in fact provided the who, what, when, where, and how necessary to satisfy Rule 9(b)'s particularity standard as to Counts I-III. (Pl.'s Resp. 1-9; 16-23). In particular, the Government cites to instances in its Complaint where it alleges that Mihailovich, Sr. misrepresented the likelihood of profits, the risk of loss, his and Growth Capital's performance record, the transparency of trading that would occur, and

his prior criminal conviction for mail fraud. (*Id.*). In response to Mihailovich, Sr.'s argument as to Counts V and VI, the Government points to a host of facts from the Complaint that allege that he acted as an unregistered associated person and failed to register as a commodity trading advisor and argues that Rule 9(b) does not apply to these Counts. (*Id.* at 10-11; 23-24). The Government also points to locations in its Complaint where it does in fact state that Mihailovich, Sr. both controlled and was an agent of Growth Capital and where it provides examples of how he benefitted from working as an unregistered commodity trading advisor. (*Id.* at 23-24). It also responds to his arguments concerning *Taucher* and the Dodds-Frank legislation. (*Id.* at 25-29).

Defendants' Reply generally realleges the arguments made in Mihailovich, Sr.'s Motion to Dismiss. Defendants do not address the sections from the Complaint that the Government cites in its Response as satisfying the requirements of 9(b). Defendants do once again address at great lengths the effect of *Taucher* and the "Dodd-Frank" legislation on this case, arguing that the CFTC has no jurisdiction to pursue its claims against him. (Defs.' Reply 1-2).

The Court finds that the Government has adequately pled sufficient detail to raise a plausible claim to which it might be entitled to relief against Mihailovich, Sr. under Rules 9(b) and 12(b)(6) as to Counts I, II, and III. The Complaint sufficiently places Mihailovich, Sr. On notice of the who, what, when, where, and how involved in the fraud claims. Furthermore, the Court also finds that the Government has adequately pled a claim to which it is plausibly entitled to relief under Counts V and VI, namely that Mihailovich, Sr. acted as a principal or agent (and thus as an unregistered "associated person") of Growth Capital and as an unregistered commodity trading advisor. The Court is similarly unconvinced by Defendant's reliance on *Taucher* and the Dodd-Frank legislation. Compared to *Taucher*, where the sole issue was the parties' passive publishing and selling a

commodity trading system, here, the complaint alleges that Mihailovich, Sr. Solicited customers, mislead them, and taught them how to use his system. (*See* Pl.'s Resp. 27-28). Mihailovich, Sr.'s reliance on the Dodd-Frank legislation is similarly misplaced, as the CFTC did have jurisdiction over the fraud claims in Counts I, II, and III prior to October 2010, and Counts IV, V, and VI assert claims based on Defendants' failure to properly register relating to on-exchange futures (not off-exchange forex). (*See* Pl.'s Resp. 28-29).

      *B.      Claims Against Mihailovich, Jr.*

Defendant Mihailovich, Jr. also moves for dismissal of the Government's claims against him, generally alleging the same bases for dismissal as raised by Mihailovich, Sr. in his Motion to Dismiss. (*See generally* Jr.'s Mot. Dismiss). In Response, the Government only responds to Mihailovich, Jr.'s minimal arguments concerning Count IV, as it concedes that its claims against Mihailovich, Jr. are limited to his "knowingly fil[ing] a false commodity trading advisor application for registration" and "fail[ing] to disclose Mihailovich, Sr. as a principal in Growth Capital in the relevant registration forms. (*See* Pl.'s Resp. 11). Defendants reply to this argument at great length, contending that the Government has not alleged, as required to succeed on its claims against Mihailovich, Jr., that he "intentionally or knowingly" omitted a material fact required to filed with a registration or necessary to prevent the statements provided in the registration from being misleading. (Defs.' Reply 3-4).

The Court finds the Government has adequately pled a claim against Mihailovich, Jr. as well. At this early stage in the proceedings, the Government need merely plausibly plead that Mihailovich, Jr. Knowingly or intentionally filed a false commodity trading application and failed to disclose Mihailovich, Sr. As a principal of Growth Capital. As fully articulated in the Government's Response, its Complaint does this. (*See* Pl.'s Resp. 11). The question of whether the Government

has any evidence of this intent is more properly considered in the context of a Motion for Summary Judgment.

   C.   *Claims Against Growth Capital*

Once again, Defendant Growth Capital generally realleges the arguments raised in Mihailovich, Sr.'s Motion to Dismiss discussed in depth above. (*See generally* Def. Mihailovich, Jr.'s Mot. Dismiss). The Government responds, arguing that Growth Capital is responsible for the same conduct that the Court has found adequately pled above. Defendant Growth Capital does not reply, as counsel has withdrawn from representing Defendants (doc. 58) and Defendants Mihailovich, Sr. and Mihailovich, Jr. have chosen not to secure counsel for the company (doc. 60). Because the conduct alleged against Defendants Mihailovich, Sr. and Mihailovich, Jr. above is also alleged against and attributable to Defendant Growth Capital, no further analysis is necessary and dismissal is not warranted.

## IV.

## CONCLUSION

Based upon the foregoing, Defendant Robert Mihailovich, Sr.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 9(b) and 12(b)(6) and Defendants Robert Mihailovich, Jr. and Growth Capital Management, LLC's Consolidated Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 9(b) and 12(b)(6) Motion to Dismiss Pursuant to Rule 12(b)(6) are hereby **DENIED**. A Scheduling Order setting the pertinent deadlines in this case will issue shortly.

   **SO ORDERED.**

DATED March 11, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE